# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:19-CR-00072-001 |
| Vernon Eugene Jordan | ) |
| | ) USM No: 01682-120 |
| Date of Original Judgment: 12/21/2020 | ) |
| Date of Previous Amended Judgment: N/A | ) Catherine M. Williams |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of   ☐ the defendant   ☐ the Director of the Bureau of Prisons   ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of   64   months **is reduced to**   63  .

Vernon Eugene Jordan was originally sentenced on December 15, 2020, to a term of 64 months imprisonment. At the time he was sentenced, Jordan's criminal history subtotal was three (3). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) points were added, yielding a total score of five (5). This resulted in a Criminal History Category of III. However, retroactive Amendment 821, Part A of the United States Sentencing Guidelines allows defendants with seven (7) or more criminal history points to receive one (1) point for being under a criminal justice sentence rather than two (2). Defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, Jordan would not receive any additional points for being under a criminal justice sentence under the amended guidelines. Consequently, his total criminal history score would be three (3), his Criminal History Category would be II, and his guideline sentencing range would become 63 to 78 months. Further, Jordan received a benefit from a motion filed by the government for a Downward Departure for Unidentified Circumstances, pursuant to USSG §5K2.1(a)(2)(B), for pleading guilty during the Court's jury trial moratorium due to the COVID-19 global pandemic.

The government agrees the defendant is eligible for relief and recommends a sentence at the bottom of the newly calculated guideline. Therefore, the Court grants the sentence reduction, and the new imprisonment sentence imposed would be reduced to 63 months. This sentence should similarly run concurrently to the undischarged term of imprisonment currently being served for violation of parole in Monroe County Superior Court, Case No. 2013-CR-125.

Except as otherwise provided, all provisions of the judgment dated   12/21/2020   shall remain in effect.

**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date: February 9, 2024 | s/Tilman E. Self, III |
| | *Judge's signature* |
| Effective Date: | Tilman E. Self, III, U.S. District Judge |
| *(if different from order date)* | *Printed name and title* |